## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

PRECILLA RAMOS,                          )
                                         )
                    **Plaintiff,**       )
          **v.**                         )
                                         )     **Civil Action No. 2013-0073**
UNITED STATES OF AMERICA,                )
                                         )
                    **Defendant.**       )
_____  )

**Attorneys:**
**Precilla Ramos,** *pro se*
St. Croix, U.S.V.I.
          *For the Plaintiff*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
          *For the Defendant*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant United States of America's "Motion to Dismiss Petition for Return of Seized Property," filed on June 2, 2014. (Dkt. No. 10). Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), (4), and (5), for lack of subject matter jurisdiction, insufficient process, and insufficient service of process. Plaintiff Precilla Ramos, who appears *pro se*, has failed to file a response.[1] For the reasons set forth herein, the Court will grant Defendant's Motion and dismiss this action for lack of subject matter jurisdiction.[2]

---

[1] At a pretrial conference before Magistrate Judge George W. Cannon, Jr., held on October 23, 2013, Defendant, through counsel, indicated its intention to file the instant Motion. Plaintiff was encouraged to obtain counsel. (*See* Dkt. No. 9).

[2] Local Rule of Civil Procedure 7.1(e)(3) provides that "[n]othing herein shall prohibit the Court from ruling without a response or reply when deemed appropriate." Accordingly, Local Rule 7.1(e)(3) "authorizes the court to grant applications solely on the basis of the information that the moving party puts before the court unless there is some

# I.    BACKGROUND

## A.  Procedural History

Plaintiff Precilla Ramos ("Plaintiff") brings this action against Defendant the United States of America ("Defendant") to recover $9,182.00 in United States currency that the Drug Enforcement Administration ("the DEA") seized for forfeiture on March 21, 2013, pursuant to 21 U.S.C. § 881, the Controlled Substances Act. In her complaint, Plaintiff alleges that "the monies seized was [sic] not a result of a violation of Title 21 of the United States Code (U.S.C.) Section 881" and, therefore, requests that the Court order Defendant to return the money to her. (Dkt. No. 1). Defendant has moved to dismiss this action on several grounds, including the threshold issue of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (*See* Dkt. No. 10).

In its Motion to Dismiss, Defendant contends that because Plaintiff "received actual notice of [the] DEA's intent to forfeit the $9,182 seized on March 21, 201[3]" and chose "not to complete the administrative process," she "lost the opportunity to contest the forfeiture of her money administratively and judicially." (Dkt. No. 11 at 4-5). Defendant argues that "this Court now lacks jurisdiction to review the administrative forfeiture." (*Id*. at 5). In support of its position, Defendant has attached to its Motion a sworn declaration from the Forfeiture Counsel of the DEA, Vicki L. Rashid (Dkt. No. 11-1 at 1-5; Def.'s Ex. A), along with supporting documentation (Dkt. No. 11-1 at 6-22; Def.'s Exs. 1-11).

## B.  Factual Background

On May 17, 2013, the DEA sent a Notice of Seizure ("Notice") pursuant to 18 U.S.C. § 983(a) and 19 U.S.C. § 1607(a), by certified mail, return receipt requested, to Priscilla Ramos at

---

response indicating that a genuine controversy exists concerning the right to the relief sought." *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990). No such response has been filed in this case.

P.O. Box 5174 Kingshill, Virgin Islands 00851. (Dkt. No. 11-1 at 6, Def.'s Ex. 1). A certified

mail receipt indicates that the Notice was received by Precilla Ramos, the plaintiff in this case,

who signed the signature block and printed her name. (Dkt. No. 11-1 at 7, Def.'s Ex. 2).[3] The

Notice identified the property in question as $9,182.00 in United States currency seized from

Priscilla Ramos by the DEA in Frederiksted, Virgin Islands on March 21, 2013, pursuant to 21

U.S.C. § 881.[4] The Notice further advised that:

> Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-
> 1619, procedures to administratively forfeit this property are underway. You may
> petition the DEA for return of the property or your interest in the property
> (remission or mitigation), and/or you may contest the seizure and forfeiture of the
> property in Federal court. **You should review the following procedures very
> carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

> If you want to request the remission (**pardon**) or mitigation of the forfeiture, you
> must file a petition for remission or mitigation with the Forfeiture Counsel of the
> DEA within thirty (**30**) days of your receipt of this notice. The petition must
> include proof of your interest in the property and state the facts and circumstances
> which you believe justify remission or mitigation. The regulations for governing
> the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST FORFEITURE

> In addition to, or in lieu of petitioning for remission or mitigation, you may
> contest the forfeiture of the seized property in UNITED STATES DISTRICT
> COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA
> by **June 21, 2013**. The claim need not be made in any particular form (Title 18,
> U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being
> claimed; state the claimant's interest in such property; and be made under oath,

---

[3] The date that the Notice was received is unknown because the space for entering the date of delivery was left blank.

[4] The DEA also sent a Notice of Seizure related to the same property—$9,182.00 in United States currency—to Neal Armstrong by certified mail, return receipt requested, on May 17, 2013, at the same P.O. Box address as that to which the Notice for Plaintiff was sent (P.O. Box 5174 Kingshill, Virgin Islands 00851). (Dkt. No. 11-1 at 8, Def.'s Ex. 3). Plaintiff signed for and accepted delivery of that Notice as well. (Dkt. No. 11-1 at 9, Def.'s Ex. 4). A second Notice was mailed to Neal Armstrong on May 17, 2013, at Golden Grove Correctional Facility (RRI P.O. Box 9955, Kingshill, Virgin Islands 00850). (Dkt. No. 11-1 at 10, Def.'s Ex. 5). On May 20, 2013, service of that Notice was accepted by an individual who signed the signature block and printed the name "E. Browne." (Dkt. No. 11-1 at 11, Def.'s Ex. 6).

> subject to penalty of perjury. (Title 18, U.S.C., Section 983(a)(2)(C)). . . . If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding – either civil or criminal – even if such a proceeding has already been commenced or is commenced in the future.

(Dkt. No. 11-1 at 6, Def.'s Ex. 1).[5]

On June 21, 2013, the Asset Forfeiture Section of the DEA received a letter from Plaintiff dated June 13, 2013 and titled "Petition for Return of Property." (Dkt. No. 11-1 at 14, Def.'s Ex. 8). In the letter, Plaintiff advised that she was "respectfully requesting the return of $9,182.00 that was seized from [her]" and stated that "[t]he monies seized was [sic] not used nor acquired as a result of a violation of Title 21 of the United States Code (U.S.C.) Section 881," but rather "obtained through a pool . . . ." (*Id.*). The letter included as attachments three documents, including a letter dated June 18, 2013 from Paul Yarwood, the organizer of the pool. (*Id.* at 15).

By letter dated July 2, 2013, sent by certified mail, return receipt requested, the Asset Forfeiture Section of the DEA informed Plaintiff that it had received her petition, but was returning it because it was not sworn to under penalty of perjury. (Dkt. No. 11-1 at 19, Def.'s Ex. 9). The letter provided the requisite language to cure the deficiency and advised that, as a matter of discretion, Plaintiff would receive thirty (30) days from the date of receipt of the letter to file a valid petition. (*Id.* at 19-20). A certified mail receipt indicates that the letter was received by Plaintiff on July 22, 2013. (Dkt. No. 11-1, Def.'s Ex. 10).

Plaintiff did not avail herself of the opportunity to perfect the administrative process by filing a valid petition for remission or mitigation or by filing a valid claim to contest forfeiture.

---

[5] The DEA also published notice of the seizure pursuant to 28 C.F.R. § 8.9(a) on www.forfeiture.gov, the official government forfeiture website, from June 3, 2013 until July 2, 2013. (Dkt. No. 11-1 at 12, Def.'s Ex. 7). The posting stated that the deadline to file a petition or claim was August 2, 2013, if the mailed notice was not received. (*See id.*; *see also* Dkt. No. 11-1 at 4; Def.'s Ex. A).

Instead, she filed the instant action against the United States. (*See* Dkt. No. 1).[6] When a valid petition was not filed, the DEA, on August 15, 2013, forfeited the $9,182.00 to the United States pursuant to 19 U.S.C. § 1609(a). (Dkt. No. 11-1 at 22, Def.'s Ex. 11).[7]

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a motion to dismiss "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 287-88 (3d Cir. 2008) (citing *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). A facial challenge "concerns 'an alleged pleading deficiency' whereas a factual [challenge] concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (alterations in original)).

"In reviewing a facial challenge . . . 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012) (quoting *Gould Elecs., Inc.*, 220 F.3d at 17). A review of factual challenges, however, allows the court to "weigh and consider evidence outside the pleadings." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (quoting *Gould Elecs., Inc.*, 220 F.3d at 176) (internal quotation marks omitted)).

---

[6] The record indicates that the instant action was filed on June 28, 2013—twenty four days before Plaintiff received the DEA's July 2, 2013 letter. Nonetheless, as noted above, a valid petition was not filed even after Plaintiff received the DEA's letter.

[7] As indicated above, Plaintiff received the letter from the DEA on July 22, 2013, making the deadline for filing a valid petition August 21, 2013. It is unclear from the record why the administrative forfeiture proceeded before the thirty-day extension expired. In any event, the early forfeiture is immaterial because a valid petition was never filed within the thirty-day period or at any time thereafter.

In the instant case, Defendant's jurisdictional challenge is factual in nature because it concerns the alleged failure of Plaintiff to comport with jurisdictional prerequisites.[8] Accordingly, the Court is "not confined to the allegations in the complaint . . . and can look beyond the pleadings" without converting the motion to dismiss into a motion for summary judgment. *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002) (quoting *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2000) (internal quotation marks omitted)).

### III.   DISCUSSION

#### A.  Applicable Legal Principles

Title 21 of the United States Code, Section 881 authorizes the forfeiture to the United States of "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance" as well as "all proceeds traceable to such an exchange." 21 U.S.C. § 881(a)(6). Forfeiture of such property may be either administrative or judicial. When the value of the seized property is $500,000 or less it is subject to an administrative forfeiture proceeding and governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983. In the instant case, the value of the seized property was $9,182.00 and thus subject to an administrative forfeiture proceeding.

To institute an administrative forfeiture proceeding, the appropriate seizing agency—in this case, the DEA—must comply with the notice procedures set forth in 18 U.S.C. § 983(a) and 19 U.S.C. § 1607(a). These statutes require the seizing agency—within 60 days of the date of seizure—to send written notice of the seizure, together with information on the applicable procedures to challenge the forfeiture, to each party who appears to have an interest in the seized property. 18 U.S.C. § 983(a)(1)(A)(i); 19 U.S.C. § 1607(a). The seizing agency is also required

---

[8] Defendant contends that Plaintiff has failed to comply with the jurisdictional prerequisites of 18 U.S.C. § 983(a)(2)—i.e., the filing of a valid claim of interest with the DEA.

to provide notice of the seizure and intent to forfeit the property by either publishing notice "once each week for at least three successive weeks in a newspaper generally circulated in the judicial district where the property was seized" or by posting a notice "on an official internet government forfeiture site for at least 30 consecutive days." 28 C.F.R. § 8.9(a).

Once notified, a person claiming interest in the seized property and challenging the forfeiture "may choose to allow the forfeiture to proceed administratively or may compel the government to initiate a judicial forfeiture action by filing a claim for the property." *Malladi Drugs & Pharms., Ltd. v. Tandy*, 552 F.3d 885, 887 (D.C. Cir. 2009). If the interested party chooses to challenge the forfeiture administratively, he or she must file a petition for remission or mitigation with the seizing agency within 30 days of receipt of the notice of seizure. *See* 28 C.F.R. § 9.3(a).[9] The petition must include, *inter alia*, a description of the petitioner's interest in the property, supported by documentary evidence of the source of the property seized, as well as a declaration that the documentation and the petition are true "under penalty of perjury." *See* 28 C.F.R. § 9.3(c)(1)(iv); (c)(2); (e)(1).

Upon receipt of a petition for remission or mitigation, the seizing agency investigates the merits of the petition and prepares a written report for the ruling official. *See* 28 C.F.R. § 9.3(f). The ruling official then reviews the petition and report, and rules on the merits of the petition. In reviewing the petition, the ruling official presumes the validity of the forfeiture and may grant remission or mitigation only after finding that the petitioner has a "valid, good faith, and legally cognizable interest in the seized property as owner or lienholder . . . and is an innocent owner within the meaning of 18 U.S.C. [§] 983(d)(2)(A) or [§] 983(d)(3)(A)." 28 C.F.R. § 9.5(a)(1);

---

[9] A petition for remission or mitigation "is a request for leniency, or an executive pardon, based on the petitioner's representations of innocence or lack of knowledge underlying unlawful conduct." *United States v. Morgan*, 84 F.3d 765, 767 n.3 (5th Cir. 1996) (citing *United States v. Vega*, 72 F.3d 507, 514 (7th Cir. 1995); *United States v. Wong*, 62 F.3d 1212, 1214 (9th Cir. 1995)).

(4). If a petition is denied, the petitioner may file a request for reconsideration pursuant to 28 C.F.R. § 9.3(j). A denial of a remission or mitigation decision "is not open to judicial review." *United States v. Kravitz*, 738 F.2d 102, 105 (3d Cir. 1984), *cert. denied*, 470 U.S. 1052 (1985).

The other avenue for challenging the forfeiture is to compel the government to initiate a judicial forfeiture proceeding by filing a claim of interest in the seized property. Such a claim "need not be made in any particular form," but must identify, under oath, the specific property being claimed and the claimant's interest in such property. 18 U.S.C § 983(a)(2)(C), (D). The claim must also be filed no later than the deadline set forth in the notice of seizure letter or, if the notice letter is not received, no later than 30 days after final publication of the notice. *Id*. § 983(a)(2)(B). Upon the filing of a claim, an interested person must also post a bond in the sum of "$5,000 or 10 percent of the value of the claimed property, whichever is lower, but not less than $250." 19 U.S.C. § 1608.[10]

If an interested party timely files a claim, the administrative forfeiture process terminates and the seizing agency must file a complaint for judicial forfeiture in a district court of the United States within 90 days or return the property pending the filing of a complaint. 18 U.S.C. § 983(a)(3). In the subsequent judicial proceeding, the government bears the burden of proving, by a preponderance of the evidence, that the property seized is subject to forfeiture. *Id*. § 983(c)(1). If, however, no interested parties file a claim, the forfeiture continues administratively, without judicial intervention. 19 U.S.C. § 1609(a). An administrative forfeiture has "the same force and effect as a final decree and order of forfeiture in a judicial proceeding." *Id*. § 1609(b); *see also United States v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2000).

---

[10] Any person claiming an interest in the seized property who cannot afford to post a bond may file an *in forma pauperi*s declaration pursuant to 19 C.F.R. § 162.47(e) for waiver of the bond. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

Generally, by initiating an administrative forfeiture proceeding, the seizing agency divests a district court of jurisdiction to review the forfeiture. *See McGlory*, 202 F.3d at 670 (citing *Linarez v. United States Dep't of Justice*, 2 F.3d 208, 212 (7th Cir. 1993) ("[O]nce the government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the district court loses jurisdiction to resolve the issue of return of property."). A district court remains without jurisdiction unless and until an interested party timely files a claim and posts a bond with the seizing agency. *See Linarez*, 2 F.3d at 211 (citing 19 U.S.C. § 1608). If a claim is not filed, the jurisdiction of a district court to review an administrative forfeiture is limited to collateral due process attacks, including the adequacy of statutorily required notice. *See McGlory*, 202 F.3d at 670 ("[T]he federal courts have universally upheld jurisdiction to review whether an administrative forfeiture satisfied statutory and due process requirements.") (quoting *United States v. Woodall*, 12 F.3d 791, 793 (8th Cir. 1993) (citing cases) (internal quotation marks omitted)).

### B. Analysis

In the instant case, Plaintiff did not judicially contest the forfeiture of her $9,182.00 by filing a timely claim with the DEA and posting a bond, or seeking leave to proceed *in forma pauperis*. Instead, she elected to pursue the administrative remedy. Although Plaintiff, within the time set forth in the Notice of Seizure, sent to the DEA a petition requesting the return of her $9,182.00, the unsworn petition and attached documents were not accepted as a valid petition for remission or mitigation and were, therefore, returned with a letter that provided specific instructions on how to timely file a valid petition. Plaintiff failed to file such a petition or a claim with the DEA and, instead, filed the instant suit against the United States. Based on Plaintiff's failure to file a valid petition, the $9,182.00 was administratively forfeited.

The instant suit does not raise any due process challenges to the administrative forfeiture that would trigger the jurisdiction of this Court. The complaint simply challenges the merits of the forfeiture, which this Court does not have jurisdiction to review. *See Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) (citing cases). Because this Court's jurisdiction to review an administrative forfeiture is limited to due process considerations, *see McGlory*, 202 F.3d at 670, the Court will dismiss this action for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction to review the administrative forfeiture of the $9,182.00 at issue in this case. Accordingly, the Court will grant Defendant's Motion to Dismiss the instant action.[11] An appropriate Order accompanies this Memorandum Opinion.

Date: March 26, 2015                                    _____/s/_____
                                                        WILMA A. LEWIS
                                                        Chief Judge

---

[11] In addition to moving to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Defendant also moved to dismiss this action pursuant to Rule 12(b)(4) for insufficient process and Rule 12(b)(5) for insufficient service of process. However, in view of the Court's resolution of this matter on the threshold issue of subject matter jurisdiction, it need not reach the other grounds for dismissal.